[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
The plaintiff K.B.K. Inc. is and at all relevant times was the owner of a parcel of land containing approximately 18.6 acres situated on Old Foxon Road in East Haven. On January 28, 1987 the defendant, East Haven Planning and Zoning Commission, approved an application for a zone change, a special exception and a proposed site plan for the location. In December of 1989, the commission denied an application for approval of a "modification" of the previously approved special exception and site plan. The denial of the modification was appealed to the Superior Court and on November 23, 1990, the court (Hadden, J.) sustained the appeal and remanded CT Page 3372 the case to the commission with directions to approve the request for the modification to the special exception and site plan. On January 2, 1991, the commission complied with the court's decision by approving the modification of the special exception and the site plan.
AGGRIEVEMENT
The court finds that K.B.K. Inc. is and at all relevant times was the owner of the parcel of land affected by this appeal. Accordingly, the court finds that the plaintiff is aggrieved.
DISCUSSION
The present controversy centers on 32.12 of the East Haven Zoning Regulations. That section provides:
 "If the applicant fails to establish the special exception or to commence and proceed with the actual construction related thereto within one year of the effective date of said special exception or within any time extension granted in writing by the commission, the approval of the application shall become null and void."
The plaintiff's one year period expired on January 1, 1992. Recognizing that the period had expired, the plaintiff, on September 10, 1992, requested an additional one year extension. The plaintiff gave as the reason for it's request the real estate market in southern Connecticut. A hearing on the request for extension was held on December 2, 1992. Thereafter, the commission voted to deny K.B.K.'s request for a one year extension.
The plaintiff claims that the one year limitation contained in the East Haven regulation is unconstitutionally vague; and that a special exception must, as a matter of law, remain valid indefinitely or at a minimum for the five year construction period allowed in the General Statutes.
In the view of the court's holding on abuse of discretion, it is necessary for the court to address only the questions of aggrievement and the agency's discretion in refusing the request for extension. As the court has already held, that the plaintiff is aggrieved. CT Page 3373
The Connecticut Appellate Court has held:
 When considering an application for a special exception, a zoning authority acts in an administrative capacity, and its function is to determine whether the proposed use is expressly permitted under the regulations, and whether the standard set forth in the regulations and statutes are satisfied. It has no discretion to deny the special exception if the regulations and statutes are satisfied.
Daughters of St. Paul Inc. v. Zoning Board of Appeals, 17 Conn. App. 53,56 (1988).
While the court sees no need to decide in the present case whether the city may limit the duration of a special permit or special exception, the court can certainly appreciate the city's motivation in doing so. If the applicant changed it's application, the commission would be free to review the new application to determine whether it complied with the regulations. It also would appear that circumstances could change so that a special exception which had been appropriate when granted might no longer be appropriate when renewal was requested. However, in the present case the minutes of December 2, 1992 read as follows:
 "Chairman Biller questioned the bond. Mr. Mylone reviewed stating there was a letter of credit from Chase Manhattan Bank, if this is not acceptable, applicant would look into cash bond. Chairman questioned who the developer would be. Chairman felt there was a problem in not knowing who would be building the project. Plans were reviewed, on a vote the motion did not carry."
The minutes further indicate that the motion was defeated on a 3-2 vote.
In November of 1990, Judge Hadden directed the commission to grant the modification to the special exception. In that ruling Judge Hadden held "[t]he proposed special exception and site plan satisfied all of the applicable statutes and regulations and the CT Page 3374 commission did not have any basis on which to deny the request." There is no suggestion in the record before the court that any basis upon which to deny the request has arisen since Judge Hadden's original ruling, and no suggestion in the record that the request has been changed in any way, accordingly the court finds that the commission abused it's discretion in refusing to extend the site plan.
The court remands the matter to the East Haven Planning and Zoning Commission with directions to approve the requested extension for a one year period commencing upon the date that the approval of the extension is granted. Since the court has held that the commission abused it's discretion in refusing the extension, the court sees no need to review or decide the additional claims raised in the plaintiff's appeal.
The court by,
Kevin E. Booth, Judge